WILLIAM R. TAMAYO - #084965
JONATHAN T. PECK - #12303 (VA)
MARCIA L. MITCHELL - #18122 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
901 Market Street, Suite 500
San Francisco, California 94103
Telephone: (415) 356-5122

Attorneys for Plaintiff

**LODGED**

MAR 0 6 2001
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

FILED
2001 MAR -9  P 12: 4
CLERK, US DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) CIVIL ACTION NO. |
| | ) CV-F-98-5310-REC/LJO |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM H. ZIERING M.D., INC. d/b/a/ ZIERING ALLERGY & RESPIRATORY CENTER | ) **STIPULATION FOR DISMISSAL** |
| | ) |
| Defendant. | ) |

WHEREAS, Plaintiff United States Equal Employment Opportunity Commission, and Defendant, William H. Ziering, Inc. have entered into the Settlement Agreement, attached hereto as Exhibit 1, resolving this action

WHEREAS, the terms of the Settlement Agreement are satisfactory to the parties, and

WHEREAS, the Settlement Agreement states that the United States District Court for the Eastern District of California shall reserve jurisdiction as necessary to enforce the Settlement Agreement,

IT IS HEREBY STIPULATED by and among the parties, through their undersigned counsel, and subject to the provision in the preceding paragraph, that this action is dismissed with prejudice.

///

///

Stipulation for Dismissal

IT IS FURTHER STIPULATED that all parties shall bear their own costs and attorneys' fees.

On behalf of Plaintiff:

Dated: 3/2/01

MARCIA L. MITCHELL
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

On behalf of Defendant:

Dated: 3/5/01

DAVID FIKE
Emerich Pedreira & Fike

It is so Ordered.   Dated: 3-9-01

United States District Judge

Stipulation for Dismissal

2

# EXHIBIT 1

# SETTLEMENT AGREEMENT

EEOC v. William H. Ziering

WILLIAM R. TAMAYO - #084965
JONATHAN T. PECK - #12303 (VA)
MARCIA L. MITCHELL - #18122 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
901 Market Street, Suite 500
San Francisco, California 94103
Telephone: (415) 356-5122
*Attorneys for Plaintiff*

David A. Fike (#95325)
EMERICH PEDREIRA & FIKE
5220 North Palm Avenue
Fresno, California 93704
Telephone: (559) 437-7100

Steven I. Kern
KERN AUGUSTINE CONROY & SCHOPPMAN, P.C.
1120 Route 22 East
Bridgewater, New Jersey 08807
Telephone: (908) 704-8585
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WILLIAM H. ZIERING M.D., INC.<br>d/b/a/ ZIERING ALLERGY &<br>RESPIRATORY CENTER<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>CV-F-98-5310-REC/LJO<br><br>SETTLEMENT AGREEMENT |

## I. INTRODUCTION

On March 31, 1998, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991. Plaintiff alleged that Defendant subjected M. Danette Owens and

SETTLEMENT AGREEMENT

Twaney Soza to a sexually hostile work environment resulting in their constructive discharge. Plaintiff also alleged that Defendant retaliated against Ms. Owens when she complained about sexual harassment.

On May 26, 1998, Defendant, William H. Ziering, Inc. dba Ziering Allergy & Respiratory Center ("Ziering"), answered the complaint and denied liability on all claims asserted by the EEOC.

The EEOC and Ziering want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Settlement Agreement to further the objectives of equal employment opportunity as set forth in Title VII.

## II. NON-ADMISSION OF LIABILITY

This Settlement Agreement is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by Defendant.

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Settlement Agreement constitutes a full resolution of Plaintiff's complaint in Civil Action No. CV-F-98-5310-REC/LJO and the underlying charges of discrimination filed with the EEOC. Upon the effective date hereof, plaintiff shall file a dismissal of this action with prejudice.

3. This Settlement Agreement shall become effective upon its execution by the parties.

4. Each party shall bear its own costs and attorney's fees.

## IV. STATUTORY COMPLIANCE

1. *Sexual Harassment:* Defendant, its officers, agents, management (including supervisory employees), successors and assigns, and all those in active concert or participation with them will comply with all requirements of Title VII with respect to providing a work environment free from discrimination on the basis of sex and free from any action, policy or practice that is intended to or known to them to have the effect of harassing or intimidating any employee on the basis of his or her sex or creating, facilitating or permitting the existence of a

SETTLEMENT AGREEMENT

work environment that is hostile to female employees.

2. *Retaliation*: Consistent with 42 U.S.C. §704, Defendant, its officers, agents, management (including supervisory employees), successors or assigns, and all those in active concert or participation with them, agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of Defendant or its successor corporation because he or she opposed any practice of sex discrimination or sexual harassment made unlawful under Title VII; filed a Charge of Discrimination alleging any such practice; testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this case and/or relating to any claim of sex discrimination or sexual harassment; or was identified as a possible witness in this action.

## V. MONETARY SETTLEMENT

1. Ziering will pay to Danette Owens the gross sum total of $5000.00 (Five Thousand Dollars).

2. The settlement amount identified in the preceding paragraph is being paid in complete compromise of all disputed issues arising out of the Complaint filed in this lawsuit, Civil Action CV-F-98-5310-REC/LJO, U.S. District Court for the Eastern District of California.

3. The monetary relief shall be paid as follows:

   a. Within ten days of the execution of this Settlement Agreement, Ziering will issue a check in the amount of $5000.00 (five thousand dollars) to M. Danette Owens. Ziering shall make payment in the form of a business check, cashier's check, or certified check.

   b. Ziering will mail the check to Ms. Owens and will send a copy of the check to Marcia Mitchell, Senior Trial Attorney, for the EEOC within ten (10) days of mailing the check.

## VI. NON-MONETARY SETTLEMENT

A..   ***Distribution of Brochure:*** Ziering will distribute a copy of the California Department of Fair Employment and Housing employment discrimination brochure to all current employees within ten (10) days of execution of this Agreement and to each new employee at the time of hire throughout the pendency of the Agreement;

SETTLEMENT AGREEMENT

3

   B.   *Anti Discrimination Training:* Ziering will develop and present to all of its employees regular, mandatory sexual harassment training, the cost of which will be borne by Ziering.

   (1)   The first training will take place within ninety (90) days of execution of this Agreement.

   (2)   The training will be presented two times a year, throughout the term of the Agreement, by an independent consultant subject to disapproval by the EEOC. Materials used in the training shall be provided to the EEOC for its consideration at least thirty (30) days in advance of the training. Furthermore, the EEOC will be permitted to participate in the trainings and to explain how the EEOC functions.

   (3)   As part of the training, each employee will be given the opportunity to complete an evaluation form in the format attached hereto as Exhibit "A", which will be given directly to the consultant, who will forward them to the EEOC within ten (10) days of completion of the training. The evaluation form will not be retained by any Ziering employees, nor shall they have access to completed forms. Further, all persons attending the training shall be required to sign an acknowledgment of their attendance at the training;

   C.   Ziering will submit the following in a report to the EEOC, two times per year in six-month intervals: the dates of the sexual harassment training and copies of a list of attendees; copies of sexual harassment complaints made since submission of the preceding report, and a statement, as to each complaint, summarizing the results of the investigation of such complaints; a summary of any complaints which were not triggered by a written complaint, and the results of investigation of such complaints.

### VIII. RETENTION OF JURISDICTION AND EXPIRATION OF SETTLEMENT AGREEMENT

   1. This Settlement Agreement shall terminate within five (5) years and ninety (90) days from the date of execution of this Agreement, unless the EEOC petitions this court for an extension of the Agreement because of noncompliance by Ziering. If the EEOC determines that Ziering has not complied with the Settlement Agreement, the EEOC will provide written

SETTLEMENT AGREEMENT

4

notification of the alleged breach to Ziering and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty (30) day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the court and the court finds Ziering to be in substantial violation of the terms of the Agreement, the court may extend this Settlement Agreement.

    2. U.S. Magistrate Judge Hollis Best shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Settlement Agreement.

On behalf of Plaintiff:

_____ Date: 3/2/01
WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

_____ Date: 2/28/01
JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

_____ Date: 2/27/01
MARCIA L. MITCHELL
Senior Trial Attorney
EQUAL EMPLOYMENT

On behalf of Defendant:

_____ Date: 3/5/01
DAVID A. FIKE (#95325)
EMERICH PEDREIRA & FIKE

STEVEN I. KERN
KERN, AUGUSTINE, CONROY & SCHOPPMAN

SETTLEMENT AGREEMENT

# EXHIBIT "A"

# SEXUAL HARASSMENT TRAINING EVALUATION

Please complete this form and leave it with the course instructor at the conclusion of this program. Your comments are useful and necessary to ensure that future trainings are effective.

1.  What time did the course begin? _____ a.m./p.m.

2.  What time did the course end? _____ a.m./p.m.

3.  Please rate the speaker(s) you heard by circling the appropriate number.:

    1 = Not Helpful
    2 = Poor
    3 = Good
    4 = Very Good
    5 = Excellent

    | Speaker | Value of Presentation |
    |---|---|
    | _____ | 5   4   3   2   1 |
    | _____ | 5   4   3   2   1 |
    | _____ | 5   4   3   2   1 |

    Comments: _____
    _____
    _____

4.  Using the same scale, how would you rate the program as a whole?

    5     4     3     2     1

    Comments: _____
    _____
    _____

5. Using the same scale, how would you rate the program materials you received?

        5    4    3    2    1

Comments: _____
_____
_____

6. Did this training meet your expectations? _____ Yes _____ No

7. Did this training define and explain sexual harassment, unlawful harassment and remedies in terms that you could easily understand?

        _____ Yes      _____ No

8. Did the training explain how and to whom you can report sexual harassment that you experience or observe?

        _____ Yes      _____ No

9. Did the training explain how the clinic will handle complaints of sexual harassment?

        _____ Yes      _____ No

10. Did the trainer seem knowledgeable about the subject matter?

        _____ Yes      _____ No

11. What did you find most useful about the program?

Comments: _____
_____
_____

12. Was any material confusing? _____ Yes _____ No
If your answer is yes, please explain what was confusing

Comments: _____
_____
_____

13. Was there enough time for questions and answers?
        _____ Yes      _____ No

14. Were all of your questions answered?  _____ Yes  _____ No

If your answer is no, please list the questions that you would like to have answered.

Comments: _____
_____
_____

What aspects of the seminar could be improved?

Comments: _____
_____
_____

**Thank You for Your Input**

Your name_____

Position or Title _____

Date_____

```
              United States District Court
                         for the
                Eastern District of California
                       March 12, 2001


              * * CERTIFICATE OF SERVICE * *

                                         1:98-cv-05310

     EEOC

          v.

     Ziering
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on March 12, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
     Jonathan Peck                              REC LJO
     Equal Employment Opportunity Commission
     San Francisco District Office
     901 Market Street
     Suite 500
     San Francisco, CA  94103

     David Alan Fike
     Emerich Pedreira and Fike
     5220 North Palm Avenue
     Suite A
     Fresno, CA  93704

     David R Emerich
     Emerich Pedreira and Fike
     5220 North Palm Avenue
     Suite A
     Fresno, CA  93704

     Steven I Kern
     Kern Augustine Conroy and Schoppmann
     1120 Route 22 East
     Bridgewater, NJ  08807
```